1    **WO**

2

3

4

5                      IN THE UNITED STATES DISTRICT COURT

6                        FOR THE DISTRICT OF ARIZONA

7

8    United States of America,        )
                                       )
9                        Plaintiff,    )
                                       )
10                  v.                 )   NO. 06-3136M
                                       )
11   Armando Vasquez-Ibarra,           )   O R D E R
     aka: Jorge Garcia-Perez,          )
12       Pedro Vasquez-Martinez,       )
                                       )
13   _____Defendant.____   )

14         Having considered the motion of the defendant to allow the

15   Government additional time under the Speedy Trial Act to file an

16   indictment, together with the Government's response to that

17   motion, the Court finds that the ends of justice served by

18   granting the extension outweigh the best interest of the public

19   and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(8)(A).

20         In making this finding, the Court has considered each of the

21   factors specified in 18 U.S.C. § 3161(h)(8)(B).  In addition, the

22   Court has considered the following:

23         1.  Counsel has only recently been appointed for the

24   defendant.

25         2.  The Government's policy, which is well known to the Court

26   through proceedings in previous cases involving numerous

27   defendants, provides a sentencing incentive to encourage early

28   pleas of guilty in cases brought pursuant to 8 U.S.C. § 1326.

3.   The savings in time by expediting the proceedings in appropriate cases serves the public interest by reducing the costs of detention, prosecution and defense as well as in bringing such charges to a prompt resolution.

4.   The avoidance of grand jury proceedings with the voluntary consent of a defendant, when appropriate, reduces the number of proceedings required to bring a criminal matter to a prompt resolution.

5.   An early decision by a defendant to reach a plea agreement with the Government often avoids the need to present the matter to a grand jury.

6.   In order to allow the defendant's attorney an opportunity to investigate possible defenses to a charge in a criminal complaint and to adequately counsel the defendant, additional time is often needed for the filing of an indictment or information beyond the thirty (30) day period provided in the Speedy Trial Act.   The Government's standard offer requires the defendant to waive his right to grand jury proceedings and agree to proceed by the filing of an information.   If the defendant does not agree to this procedure within the time allowed by statute, the Government would withdraw the plea offer.

7.   Disposition of immigration cases through the pre-indictment plea offer results in an expeditious resolution of the case.   Granting a thirty (30) day continuance allows defense counsel time to assure that the plea offer is in the defendant's best interest.

The Court therefore concludes that the ends of justice are

2

1  best served by granting an extension of time to present the case

2  to the grand jury and in excluding a period of thirty (30) days

3  under the Speedy Trial Act.  In making this determination, the

4  Court has particularly taken into account that the failure to

5  grant the defendant's request "would deny counsel for the

6  defendant. . .the reasonable time necessary for effective

7  preparation, taking into account the exercise of due diligence."

8  18 U.S.C. § 3161(h)(8)(B)(iv).

9      **IT IS ORDERED** granting defendant's Motion to Extend Time to

10  Indict.  (Doc. 6).

11      **IT IS FURTHER ORDERED** that excludable time shall begin to run

12  on the 31st day after arrest for a period of thirty (30) days in

13  which the Government may present the case to the grand jury.

14      DATED this 18th day of May, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge

3